# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL LUCARELLI, special administratrix of the estate of HEATHER GRIGSBY, deceased, and guardian ad litem for her surviving heir, ELIZABETH GRIGSBY, a minor,<br><br>            Plaintiffs,<br><br>    vs.<br><br>DVA RENAL HEALTHCARE, INC.; DOES 1 through 50, inclusive; ROE CORPORATIONS 1 through 50, inclusive,<br><br>            Defendants. | Case No.: 2:07-cv-1221-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#17; Motion to Remand–#19; Motion to Transfer–#37; Motion for Leave to File Supplement–#45) |

Before the Court is Defendant DVA Renal Healthcare, Inc.'s ("DVA") **Motion to Dismiss** (#17), filed September 17, 2007. The Court has also considered Plaintiff Carol Lucarelli's, special administratrix of the estate of Heather Grigsby and guardian ad litem for her surviving minor heir Elizabeth Grigsby, ("Plaintiffs") Opposition (#24), filed October 25, 2007, and Defendant's Reply (#32), filed November 8, 2007.

Also before the Court is Plaintiffs' **Motion to Remand** (#19), filed October 8, 2007. The Court has also considered Defendant's Opposition (#22), filed October 23, 2007, and Plaintiff's Reply (#30), filed November 6, 2007.

Also before the Court is Defendant's **Motion to Transfer** (#37), filed November 20, 2007. The Court has also considered Plaintiffs' Opposition (#40), filed December 17, 2007, and Defendant's Reply (#43), filed December 21, 2007.

Also before the Court is Plaintiffs' **Motion for Leave to File Supplement to Motion to Remand** (#45), filed January 8, 2008.

AO 72
(Rev. 8/82)

1

**BACKGROUND**

This case is one of at least thirty-two lawsuits filed by separate plaintiffs in Nevada state court based on allegations of Defendant's negligent operation of hemodialysis treatment facilities. Defendant removed at least fifteen of these lawsuits to the United States District Court for the District of Nevada on the basis of diversity of citizenship. Of the thirty-two lawsuits, only two plaintiffs actually received treatment in Nevada. In the instant case, Plaintiffs are Ohio citizens and the decedent, Heather Grigsby, received her dialysis treatments in Ohio. Defendant is a Tennessee corporation with its principal place of business in California.

This case, filed in March 2003, was the first of all the cases filed in Nevada state court. The Complaint named Gambro Healthcare Renal Care, Inc. ("Gambro"), Defendant's sibling Nevada corporation, as the sole defendant. In the state court, Gambro participated in the litigation for over three years, filing dispositive motions and conducting discovery, as part of the consolidated state court case. At the end of 2006, Gambro filed a motion to dismiss in the consolidated action on the basis that many of the lawsuits, including this one, named the wrong corporate entity. In March 2007, the Parties stipulated to a voluntary dismissal of Gambro in the suits in which it was incorrectly named. As part of the stipulation, Defendant agreed not to oppose Plaintiffs' request to amend and also to provide Plaintiffs' counsel with the correct corporate entity in all future hemodialysis-related cases. Plaintiffs filed their Amended Complaint in April 2007 and after receiving service, Defendant—on the basis of diversity—timely removed to this Court.

**DISCUSSION**

Plaintiffs move the Court to remand this case to the Eighth Judicial District Court for the State of Nevada. 28 U.S.C. § 1441 permits a defendant to remove a state court action if the federal district court has original jurisdiction. A defendant invoking the removal statute bears the burden of establishing jurisdiction, and the statute is strictly construed against removal. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Consequently,

"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But while a federal court "will not take jurisdiction if it should not . . . it is equally true, that it must take jurisdiction if it should." *Cohens v. Virginia*, 19 U.S. (1 Wheat) 264, 404 (1821). Thus, a district court with proper jurisdiction lacks discretion to remand. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

Defendant removed this case from Nevada state court based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Plaintiffs do not dispute this Court's jurisdiction or the procedural validity of removal; rather, they argue that Defendant waived the right to remove this case because of its conduct in the state court consolidated action that included this case.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "A waiver of the right to removal must be clear and unequivocal." *Id.* (citations and internal quotations omitted). "In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (citations and internal quotations omitted).

This case, originally filed in March 2003, contains an extensive history in the Nevada state court. Nevertheless, Defendant argues that it could not have waived its right to remove to federal court because it did not have that right until Plaintiffs amended their Complaint by dropping Gambro and naming DVA as the defendant. Defendant asserts that once this occurred in March 2007, it promptly removed within the thirty day statutory period.

After sifting through over 1700 pages of state court filings in the consolidated case that Defendant attached to its removal petition, the Court is satisfied that Defendant waived its right to remove in this case. Defendant's argument that it could not have removed earlier is unavailing. The original state court Complaint in this case, filed in March 2003, listed the

AO 72
(Rev. 8/82)

addresses of the hemodialysis clinics where Ms. Grigsby received her treatments. (Dkt. #1-2 at 3.) While the Complaint named Gambro and not DVA as the defendant, both were part of the same parent company and thus Defendant should have known that Plaintiffs had sued the wrong subsidiary. Rather than correct the error and then promptly remove to this Court, Defendant chose to litigate in state court for over three years, filing multiple motions to dismiss and for summary judgment. (*See e.g.,* Dkt. ##14-8, 14-10, 16-8, 16-12.) The Court notes, however, that it makes no finding whether the subsidiaries or their parent company were alter egos. Consequently, the Court grants Plaintiffs' Motion to Remand. All other motions pending before the Court in this case are denied as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#19) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#17) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer (#37) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Supplement to Motion to Remand (#45) is DENIED as moot.

The case is remanded to the Eighth Judicial District Court for the State of Nevada.

Dated: January 9, 2008.

_____
**ROGER L. HUNT**
**Chief United States District Judge**